UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COINBASE, INC. and TOSHI HOLDINGS PTE. LTD., <br><br> Petitioners, <br><br> v. <br><br> STACEY COHEN, <br><br> Respondent. | Case No. <br><br> **PETITION TO CONFIRM ARBITRATION AWARD, REQUEST FOR ENTRY OF JUDGMENT** |

**PETITION TO CONFIRM ARBITRATION AWARD,
REQUEST FOR ENTRY OF JUDGMENT**

**BRYAN CAVE LEIGHTON PAISNER LLP**
Chris LaRocco
chris.larocco@bclplaw.com
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

*Attorney for Petitioners COINBASE, INC. and TOSHI HOLDINGS PTE. LTD.*

COME NOW Petitioners Coinbase, Inc. and Toshi Holdings Pte. Ltd. and for their Petition to Confirm Arbitration Award state as follows:

## INTRODUCTION

1. Petitioners request confirmation of an arbitration award issued on or about December 10, 2024, in American Arbitration Association Case No. 01-23-0003-5650, *Cohen v. Coinbase, Inc. and Toshi Holdings Pte. Ltd.* (the "Arbitration"). A true and correct copy of the "Final Award" is attached as **Exhibit A**.

2. Arbitrator Patricia P. Hollenbeck ruled that "Claimant [Stacey Cohen]'s claims are DENIED with prejudice" and entered an award in Petitioners' favor. *Id*. at 5.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy in the underlying arbitration exceeds $75,000, exclusive of interest and costs.

4. The amount in controversy exceeds $75,000, since Ms. Cohen sought at least $472,633.63 in damages in arbitration. Ex. A at 2; *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659 (9th Cir. 2005) ("We are satisfied that the amount in controversy is the amount [that the arbitral claimant] sought to recover by its complaint.").

5. Ms. Cohen is a resident of Pennsylvania.

6. Coinbase Inc. ("Coinbase") is a corporation organized under the law of the State of Delaware and does not have a principal place of business in Pennsylvania.

7. Toshi Holdings Pte. Ltd. ("Toshi") is a Singapore private limited company and does not have a principal place of business in Pennsylvania.

1

8. Venue is proper for this confirmation proceeding under 9 U.S.C. § 9 because the Final Award was issued through arbitration proceedings in New York, New York, the location provided for by AAA.

9. U.S.C. § 9 provides that if, as here, "no court is specified in the agreement of the parties" then an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

## FACTUAL BACKGROUND

10. On August 11, 2023, Ms. Cohen filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Petitioners seeking damages in the amount of $472,633.63 for her swap of one cryptocurrency for another using Coinbase Wallet, a self-custody cryptocurrency wallet software. A true and correct copy of the Demand is attached as **Exhibit B**.

11. The Terms of Service between Ms. Cohen and Toshi applied to this case and provided that the parties agreed to arbitrate any disputes and that the arbitration would be "administered by the American Arbitration Association ("AAA") in accordance with the Consumer Arbitration Rules (the "AAA Rules") then in effect[.]" The Terms of Service further provide that the Federal Arbitration Act, 9 U.S.C. § 1 et seq., governs the interpretation and enforcement of the arbitration agreement and arbitration proceeding. A true and correct copy of the Terms of Service is attached as **Exhibit C**.

12. Arbitrator Patricia P. Hollenbeck was appointed as the neutral to decide this dispute.

13. An evidentiary hearing was held via Zoom on or about November 13 and 14, 2024. *See* Ex. A at 1.

14. On or about December 10, 2024, Arbitrator Hollenbeck issued a Final Award denying all claims on the merits. Ex. A at 5 ("Based on the facts and applicable law, the Arbitrator finds for Respondents [*i.e.*, Coinbase and Toshi]. Claimant's claims are DENIED with prejudice.").

## **MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT**

15. The Federal Arbitration Act ("FAA") allows for confirmation of arbitral awards in federal court. It states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. All the FAA's requirements to confirm this arbitral award are met.

16. Section 6 of Appendix 1 of the Terms of Service states that "judgment on the arbitration award may entered in any court having jurisdiction."

17. This motion is timely, because it is made within one year after entry of the award.

18. Venue is also proper in this Court because the award was issued in this jurisdiction.

19. No grounds exist for modification, correction, or vacatur of the Award.

20. Likewise, there is no basis to modify the award.

21. Section 13 of the FAA requires that a party moving to confirm an award attach certain documents to its motion. Those requirements are all met, as outlined in Petitioners' accompanying Memorandum and in the enclosed exhibits.

## **CONCLUSION AND RELIEF REQUESTED**

22. All requirements for confirmation of this final award have been met. Accordingly, pursuant to 9 U.S.C. § 9, Petitioners seek (1) Confirmation of the Final Award as a Judgment of this Court against Respondent in the amount of $0; and (2) any and all further relief this Court deems just and proper.

3

Dated: October 13, 2025

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Chris LaRocco
Chris LaRocco
chris.larocco@bclplaw.com
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2000

*Attorney for Petitioners COINBASE, INC. and TOSHI HOLDINGS PTE. LTD.*

4