UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
COINBASE, INC., et al.,                                            :
                                                                   :
                                        Petitioners,               :
                                                                   :          25-CV-08447 (JAV)
                -v-                                                 :
                                                                   :          MEMORANDUM OPINION
                                                                   :          AND ORDER
STACEY COHEN,                                                      :
                                                                   :
                                        Respondent.                :
                                                                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On October 13, 2025, Petitioners Coinbase, Inc. and Toshi Holdings Pte. Ltd. ("Petitioners") filed a Petition to Confirm Arbitration ("Pet." or "Petition") against Respondent Stacey Cohen ("Respondent"). ECF No. 1. On October 14, 2025, Petitioners filed an Affidavit of Return of Service indicating that Respondent had been served the Summons, Petition, Award of Arbitrator (the "Award"), Statement of Claim, and multiple exhibits on October 14, 2025. ECF No. 8. On January 5, 2026, the Court set a briefing schedule for Petitioners' submission of any additional materials in support of the Petition, Respondent's opposition (due February 19, 2026), and Petitioners' reply. ECF No. 12. On January 6, 2026, Petitioners served Respondent with the Petition, supporting materials, and the briefing schedule. ECF Nos. 13. On February 26, 2026, Respondent filed two letters in opposition to the Petition. ECF Nos. 14, 15. One of those letters sought to vacate the Award pursuant to 9 U.S.C. § 10. ECF No. 14 ("Mot." or "Motion to Vacate") at 1-2. For the following reasons, the Court **DENIES** the Motion to Vacate and **GRANTS** the Petition.

## LEGAL STANDARDS

The Federal Arbitration Act ("FAA") provides the substantive law for the confirmation of arbitration awards.  9 U.S.C. § 9.  Under the FAA, courts grant an arbitrator's decision "great deference."  *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).  "Courts are not authorized to review an arbitrator's decision on the merits even in the face of allegations . . . that the decision rests on factual errors or misinterprets the parties' agreement."  *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11-CV-03015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (cleaned up).  "[A] reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies."  *Loc. 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999).  Instead, the Court's review is limited to determining if there are grounds for vacating the award under 9 U.S.C. § 10(a), and if the arbitrator is "arguably construing or applying the contract and acting within the scope of his authority."  *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Const. Corp.*, No. 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (citation omitted).  "A barely colorable justification for the outcome reached" by the arbitrators is all that is required to confirm an award on a timely petition to confirm.  *Landy Michaels Realty Corp. v. Loc. 32B–32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992).

The confirmation of an arbitration award normally is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (cleaned up).  But the Court must nonetheless treat a petition to confirm an arbitration award "as akin to a motion for summary judgment based

2

on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund*, 2013 WL 1703578, at \*2. Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, petitions to confirm awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110 (cleaned up). Accordingly, before granting petitions to confirm awards, courts must "first examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (cleaned up).

## DISCUSSION

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110. Nor is there any timely justification under Section 10(a) of the FAA for vacating the Award. Accordingly, the Court grants the Petition to confirm the entire Award.

On August 11, 2023, Respondent filed a Demand for Arbitration with the American Arbitration Association ("AAA") against Petitioners containing seven claims, including fraud and breach of contract, and seeking damages in the amount of $472,633.63 for her swap of one cryptocurrency for another using Coinbase Wallet. Pet., ¶ 11; ECF No. 1-2 at 6-13. Respondent alleged that she purchased 527,061.274 shares in Wolf Game Wool ("WOOL") for a purchase price of approximately $9,445.07, using 5.7 Ethereum ("ETH") as currency. ECF No. 1-2, ¶ 21. Respondent also alleged that, at approximately 5:38 PM on March 14, 2023, when Coinbase Wallet quoted $0.93 per share for WOOL and Respondent's WOOL position as worth $480,033.63, she decided to swap her position in WOOL for ETH. *Id.*, ¶ 26; ECF No 1-1 at 2.

After execution of the swap, however, Respondent received 4.356 ETH, worth approximately $7,400 at the time, rather than the $480,033.63 in ETH she had expected to receive. ECF No. 1-2, ¶ 26. Accordingly, Respondent filed a Statement of Claim against Petitioners, and Arbitrator Particia P. Hollenbeck was ultimately appointed to decide the dispute. Pet., ¶¶ 10, 12.

On December 10, 2024, Arbitrator Hollenbeck found for the Petitioners and denied Respondent's claims with prejudice. ECF No. 1-1 at 5. To reach this decision, the Arbitrator noted that Respondent had authorized a minimum "buy" amount of approximately 4.23 ETH in the swap at issue. *Id.* at 2-3. The Arbitrator also noted that Respondent used Coinbase Wallet for the swap. *Id.* at 3. To use Coinbase Wallet, Respondent agreed to its Terms of Service ("TOS"). *Id.* The TOS state that "Claimant acknowledges responsibility for and assumes all risk arising from her use of any DEXs, third-party websites, applications or resources," and that "Coinbase Wallet shall not bear any liability, whatsoever, for any damages caused by any DEXs." *Id.* (cleaned up). Finding that the TOS limited the liability of Coinbase Wallet and were binding on Respondent, the Arbitrator then observed that the USD price quote concerning WOOL (which impacted Respondent's decision to swap cryptocurrencies) came from a third party. *Id.* at 3-5. The Arbitrator also found that there was credible evidence that, as Respondent proceeded through the steps to execute the swap on Coinbase Wallet, she received at least two warnings that the price was "significantly different than the market rate." *Id.* at 4-5. Accordingly, the Arbitrator found that Respondent could not state any claim against Petitioners considering that she had authorized the swap for a minimum buy of 4.23 ETH, the TOS language limiting liability for information provided by a third party (as was the case here), and the warnings Respondent had received. *See id.*

4

Furthermore, in her opposition letters, Respondent does not dispute that the requirements of 9 U.S.C. § 9 have been satisfied.  *See* ECF No. 14 at 1-2; ECF No. 15 at 1-3.  Instead, Respondent seeks to vacate the Award pursuant to 9 U.S.C. § 10 because the arbitrator was evidently partial to and corrupted in favor of Petitioners.  Mot. at 1-2.

Respondent's motion to vacate is time-barred.  Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  "There are '[n]o exception[s]' to this strict three-months limitations period."  *Moster v. Credit Suisse Sec. (USA) LLC*, No. 22-CV-999 (NRB), 2022 WL 4467626, at *5 (S.D.N.Y. Sept. 25, 2022) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)).  "Accordingly, 'a party may not raise a motion to vacate, modify, or correct an arbitration award after the three-month period has run.'"  *Id.* (quoting *Florasynth*, 750 F.2d at 175).  Since the Award was issued on December 10, 2024, ECF No. 1-1 at 5, Respondent's motion to vacate has been time-barred for nearly a year.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Vacate is **DENIED**, the Petition is **GRANTED**, and the December 10, 2024 Award is **CONFIRMED**. The Clerk of Court is directed to enter judgment in favor of Petitioners and against Respondent, confirming the Award in all respects.  The Clerk of Court is further directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 11, 2026
       New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge